Dai-Ichi Life Ins. Co., LTD v Awbury Corp. (2022 NY Slip Op 00352)





 Dai-Ichi Life Ins. Co., LTD v Awbury Corp.


2022 NY Slip Op 00352


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Index No. 651046/21 Appeal No. 15118 Case No. 2021-03144 

[*1]The Dai-Ichi Life Insurance Company, LTD, Plaintiff-Respondent,
v
Awbury Corporation, et al., Defendants-Appellants, Does 1 through 5, Defendants.


Hogan Lovells US LLP, New York (Hogan Lovells US LLP, New York (William M. Regan of counsel), for appellants.
Baker & McKenzie LLP, San Francisco, CA (Mark C. Goodman of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about July 12, 2021, which granted in part and denied in part defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to grant the motion as to the claims for breach of contract asserted by plaintiff as a third-party beneficiary, and otherwise affirmed, without costs.
This action arises from a structured finance transaction in which plaintiff invested more than $225 million with the expectation of receiving interest earnings on the transaction. Defendants are a corporation (Awbury) and 12 special purpose companies (SPCs) Awbury created for the purpose of facilitating the finance transaction with plaintiff.
Plaintiff alleges that the parties agreed to use a two-tier financial structure to ensure that it would receive timely payments. In the first tier, plaintiff, as the lender, executed six agreements (the First Tier Agreements), one loan agreement and five credit agreements, with six of the SPCs (the First Tier SPCs). In the second tier, the First Tier SPCs executed one loan agreement and five credit agreements with the other six SPCs (the Second Tier SPCs). Thus, plaintiff loaned monies to the six First Tier SPCs, which in turn loaned the monies to the six Second Tier SPCs, which invested the monies in various funds. Upon receiving distributions from the investment funds, the Second Tier SPCs would pay interest and principal to the First Tier SPCs, which would pay interest and principal to plaintiff.
In December 2020, three of the First Tier SPCs (Spanish Elm Company, Eastern Walnut Company, and Southern Magnolia Company) attempted to prepay plaintiff the total principal sum under each of their respective First Tier Credit Agreements. Plaintiff rejected the proffered payments.
Plaintiff commenced this action seeking damages on various causes of action, claiming, among other things, that prepayment of the loans would deprive plaintiff of interest income and cause it to incur certain losses. Plaintiff also sought declaratory judgment relief. Supreme Court granted in part and denied in part defendants' CPLR 3211(a) motion, prompting this appeal by defendants.
Section 8.04 of the agreements expressly negates an intent to permit enforcement by third parties (see Adelaide Prods., Inc. v BKN Intl. AG, 38 AD3d 221, 226 [1st Dept 2007]; Mendel v Henry Phipps Plaza W., Inc., 16 AD3d 112 [1st Dept 2005], affd 6 NY3d 783 [2006]). Thus, the Second Tier Agreements prevent plaintiff from benefiting as a third party, warranting dismissal of plaintiff's claim for breach of contract premised on a third-party beneficiary theory.
However, the integration clauses in the First Tier Agreements and the Second Tier Agreements render the terms of the agreements ambiguous as to whether they were meant to be read together as a single contract, with plaintiff as a party (see Capital Bus. Credit LLC v Tailgate Clothing Co., Corp., [*2]172 AD3d 655, 656 [1st Dept 2019]). The integration clause of each of the First Tier and Second Tier Agreements provides that, together with that agreement, "other Transaction Documents . . . constitute the entire contract among the parties," and in the definition of "Transaction Documents" the loan from the other tier is included. Thus, plaintiff's allegation that Silver Thatch Company, English Walnut Company, and Magnolia Company (three of the Second Tier SPCs) breached Sections 6.01 and 6.14 cannot be dismissed for lack of standing to assert a breach of contract claim.
Further, the court correctly declined to dismiss the breach of implied covenant of good faith and fair dealing claim (see Moran v Erk, 11 NY3d 452, 456-457 [2008] ["neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" [internal quotations marks omitted]). Plaintiff alleges that it had bargained to receive the interest income from the selected fund over a long period of time and that defendants' borrowing of funds, in violation of the agreements, to prepay the loans in 2020 deprived plaintiff of the right to receive the interest income it had bargained for.
Contrary to defendants' contention, the complaint states a cause of action for declaratory relief, even with respect to the allegation that the remaining defendants intend to prepay the outstanding loans (see Krieger v Krieger, 25 NY2d 364, 366 [1969]; compare New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531 [1977] ["a request for a declaratory judgment is premature if the future event is beyond the control of the parties and may never occur"]). The complaint also states a cause of action for tortious interference (see Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 594 [2012]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022